# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. REED,<br><br>          Plaintiff,<br><br>     v.<br><br>C/O JAMES, et al.,<br><br>          Defendants. | CASE NO. 1:10-cv-00073 LJO GSA PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. Plaintiff brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison. Plaintiff names the following individual defendants: Lieutenant Munoz; Lt. Kanavaugh; Sergeant Gonzales; Correctional Officer (C/O) James. Plaintiff's allegations stem from disciplinary charges filed against Plaintiff for possession of a weapon.

On August 24, 2008, C/O James subjected Plaintiff to a body search. C/O James discovered and confiscated "an ordinary ink pen" from Plaintiff. Plaintiff alleges that C/O James falsely charged Plaintiff with possession of a weapon. In the written report, C/O James indicated that, two days

prior, Sgt. Gonzales had trained her "regarding inmates using these pens as stabbing weapons." (Compl. p. 3B1.)  Plaintiff specifically alleges that James "knew what she confiscated was clearly a standard writing ink-pen and not a deadly weapon." (Id.)

Sgt. Gonzales admitted that he trained C/O James regarding the use of ink pens as weapons, but denied accusations that he received confidential information regarding the possession of these weapons by Black inmates.  Plaintiff specifically alleges that Sgt. Gonzales, as the Facility Sergeant, denied Plaintiff due process be allowing C/O James to falsely accuse Plaintiff.  (Compl. p. 3B2.)

Lt. Munoz allegedly violated Plaintiff's due process rights by falsifying a lock-up order.  Lt. Munoz falsely reported that Sgt. Gonzales received confidential information regarding the use of ink pens as weapons by Black inmates.  (Id.)  Lt. Kavanaugh allegedly violated Plaintiff's due process rights by finding Plaintiff guilty of possession of a weapon "arbitrarily on the mere 'words' misleading info of his correctional officer and/or without following procedures: in which 'second level review' determined said ink pen was an ordinary ink pen and had not been altered in any form or fashion into that of a deadly weapon, nor was it considered contraband."  (Compl. p. 3B4.)

### A. **Disciplinary Hearing**

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

1 Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of
2 a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect
3 of invalidating the result of a disciplinary hearing.

4 Here, Plaintiff's core factual allegations are that there was not any evidence that he was guilty
5 and that his conviction was based on false evidence. Specifically, he alleges that his conviction was
6 based upon confidential information that was false. Because Plaintiff's claim necessarily implies
7 the invalidity of his conviction, Plaintiff's claim will not accrue until the conviction or sentence has
8 been invalidated. Plaintiff has not alleged any facts indicating that his conviction has been reversed,
9 expunged, or otherwise invalidated. The complaint should therefore be dismissed.

## III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff will therefore be directed to show cause why this action should not be dismissed for failure to state a claim upon which relief could be granted.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for failure to state a claim upon which relief could be granted. Should Plaintiff fail to file a response to the order to show cause, the Court will dismiss this action for failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

**Dated:   March 23, 2011**               /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE