# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O JAMES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-00073 LJO GSA PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 13) |

### Screening Order

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison. Plaintiff brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison. Plaintiff names the following individual defendants: Lieutenant Munoz; Lt. Kavanaugh; Sergeant Gonzales; Correctional Officer (C/O) James. Plaintiff's allegations stem from disciplinary charges filed against Plaintiff for possession of a weapon.

On August 24, 2008, C/O James subjected Plaintiff to a body search. C/O James discovered and confiscated "an ordinary ink pen" from Plaintiff. Plaintiff alleges that C/O James falsely charged Plaintiff with possession of a weapon. In the written report, C/O James indicated that, two days

1 prior, Sgt. Gonzales had trained her "regarding inmates using these pens as stabbing weapons."
2 (Compl. p. 3B1.)  Plaintiff specifically alleges that James "knew what she confiscated was clearly
3 a standard writing ink-pen and not a deadly weapon." (Id.)

4  Sgt. Gonzales admitted that he trained C/O James regarding the use of ink pens as weapons,
5 but denied accusations that he received confidential information regarding the possession of these
6 weapons by Black inmates. Plaintiff specifically alleges that Sgt. Gonzales, as the Facility Sergeant,
7 denied Plaintiff due process be allowing C/O James to falsely accuse Plaintiff. (Compl. p. 3B2.)

8  Lt. Munoz allegedly violated Plaintiff's due process rights by falsifying a lock-up order. Lt.
9 Munoz falsely reported that Sgt. Gonzales received confidential information regarding the use of ink
10 pens as weapons by Black inmates. (Id.)  Lt. Kavanaugh allegedly violated Plaintiff's due process
11 rights by finding Plaintiff guilty of possession of a weapon "arbitrarily on the mere 'words'
12 misleading info of his correctional officer and/or without following procedures: in which 'second
13 level review' determined said ink pen was an ordinary ink pen and had not been altered in any form
14 or fashion into that of a deadly weapon, nor was it considered contraband." (Compl. p. 3B4.)

15  On March 23, 2011, an order to show cause was entered, directing Plaintiff to show cause
16 why this action should not be dismissed pursuant to Heck v. Humphrey, 512, U.S. 477 (1994), on
17 the ground that Plaintiff had not alleged any facts indicating that his disciplinary conviction had
18 been reversed, expunged or otherwise invalidated.   Plaintiff filed a response to the order to show
19 cause, and a motion for leave to file an amended complaint. Along with his motion, Plaintiff lodged
20 a proposed first amended complaint.

21  In his response to the order to show cause, Plaintiff indicates that his prison disciplinary
22 conviction was reversed on the ground that the reporting employee failed to document how the pen
23 had been made into a weapon and that the pen was, "in fact, a pen with a metal tip typical of pens
24 of that type." Plaintiff attaches as an exhibit to his response to the order to show cause A copy of
25 the decision on appeal of his prison disciplinary hearing. Plaintiff also attaches a copy of the
26 modification order issued by the Inmate Appeals Office. The modification order indicates the
27 following:

28  Per Second Level appeal decision, the Chief Disciplinary Officer of

> Facility 3A shall order CDC 115, Rules Violation Report (RVR), Log # 3A-08-08-060, dated August 24, 2008, for the specific act of Possession of a Deadly Weapon reissued and reheard based on a due process violation. Specifically, there is no documentation to show that the appellant was able to view the evidence.

(Exh. E. to Response to Order to Show Cause.) The RVR was reheard, and Plaintiff was found not guilty on the ground that the evidence was not properly described by the reporting employee.

The Court finds that Plaintiff has shown good cause why the order to show cause should be discharged. Plaintiff has alleged facts indicating that his disciplinary conviction has been invalidated on due process grounds. The order to show cause should therefore be discharged.

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may amend the complaint once, as a matter of right, so long as a responsive pleading has not been filed. No Defendant has been served, and a responsive pleading has not been filed. Plaintiff is therefore granted leave to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 23, 2011, order to show cause is discharged.

2. Plaintiff's November 7, 2011, motion for leave to file a first amended complaint is granted.

3. The Clerk's Office is directed to file the first amended complaint lodged with the Court on November 7, 2011.

IT IS SO ORDERED.

Dated:  **November 9, 2011**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

3