# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN C. REED, | 1:10-cv-00073-LJO-GSA-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| v. | (Doc. 15.) |
| C/O JAMES, et al., | |
| Defendants. | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.   RELEVANT PROCEDURAL HISTORY**

Stephen C. Reed ("Plaintiff") is a state prisoner, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 14, 2010. (Doc. 1.)

Plaintiff's original Complaint contained a claim for violation of his rights to due process, based on a prison disciplinary conviction for which he was assessed a loss of three hundred sixty days of credit. Id. The Court screened the original Complaint pursuant to 28 U.S.C. § 1915 and entered an Order to Show Cause on March 23, 2011, directing Plaintiff to show cause why this action should not be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), on the ground that Plaintiff had not alleged any facts indicating that his disciplinary conviction had been reversed, expunged or otherwise invalidated. (Doc. 9.) On November 7, 2011, Plaintiff filed a response to the Order to Show Cause and a motion for leave to file an amended complaint. (Doc. 12.) Along

1

with his motion, Plaintiff lodged a proposed first amended complaint. (Doc. 13.) The Court found that Plaintiff alleged facts indicating that his disciplinary conviction has been invalidated on due process grounds. Accordingly, the Order to Show Cause was discharged, and Plaintiff's motion for leave to amend was granted. (Doc. 14.) On November 9, 2011, Plaintiff's First Amended Complaint was filed. (Docs. 15.) The First Amended Complaint is now before the Court for screening.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

///

**III.     SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, where the events at issue allegedly occurred.  Plaintiff names as defendants Correctional Officer ("C/O") C. James, Sergeant T. Gonzales III, Lieutenant F Munoz, Lieutenant J. Kavanaugh, Captain M. Jennings, Correctional Counselor D. DeAcevedo, Captain M. T. Cisneros, and Associate Warden K. Comaites.

Plaintiff alleges as follows in the First Amended Complaint.  On or about August 24, 2008, while on his way to outdoor recreation, Plaintiff was stopped by defendant C/O James and submitted to a mandatory and routine body pat-down.  Defendant James discovered a standard ball point pen, which Plaintiff is permitted to possess, in Plaintiff's pants pocket.   Defendant James ordered Plaintiff to be handcuffed behind his back, while Plaintiff asked, "Why do I have to cuff up?"  Amended Complaint ("ACP"), Doc. 15 at 4 ¶D3.  Plaintiff was escorted to the Facility Program Office, where defendants Sgt. Munoz and Sgt. Gonzales decided to place him in administrative segregation ("Ad-Seg").  Plaintiff asked defendants Gonzales and Munoz why he was being placed in Ad-Seg, and was told, "For a weapon."  Id.  Plaintiff implored defendants Gonzales and Munoz to examine the alleged weapon to see that it was an ordinary unaltered ball point pen, but they each declined, relying on defendant James' word alone. Within seventy-two hours, Plaintiff was placed in Ad-Seg and attended a Captain's Review conducted by defendant Captain Jennings.

During the Captain's Review, defendant Captain Jennings was required to examine the alleged weapon to determine sufficient cause for Plaintiff's Ad-Seg placement, but he did not inspect the weapon.  Captain Jennings had the authority to release Plaintiff from Ad-Seg based on his review, but he relied upon defendant James' report instead of examining the weapon himself.

Plaintiff remained in Ad-Seg for approximately five months until January 27, 2009, when Plaintiff attended a hearing on defendant James' rules violation report ("RVR") against Plaintiff, conducted by defendant Lt. Kavanaugh, Senior Hearing Officer.   Defendant Kavanaugh failed to examine the evidence to determine whether the item was a weapon or a standard pen and found Plaintiff guilty of possession of a deadly weapon.  As a result, Plaintiff lost three hundred sixty days of credit and was referred to the Inmate Classification Committee ("ICC").

The ICC, which included, among others, defendants Correctional Counselor DeAcevedo, Captain Cisneros, and Associate Warden Comaites, held a hearing wherein Plaintiff vehemently objected to the Security Housing Unit ("SHU") assessment, imploring defendants to "please look at the pen, it is not a weapon," but they declined to do so and imposed a ten-month SHU term on Plaintiff. ACP at 6:1-3. In the SHU, Plaintiff was subjected to conditions unlike in the general population, with regard to his liberty, visitation with family members, showers, use of telephone (eliminated), property allowance (eliminated), and recreation (eliminated).

On February 3, 2009, Plaintiff appealed the findings, and the appeal was partially granted at the Second Level of Review, with a Modification Order that the RVR be reissued and reheard. On April 22, 2009, the RVR was reheard and Plaintiff's appeal was granted, based on the violation of Plaintiff's rights to due process and on evidence that the alleged weapon was "a pen with a metal tip typical of pens of that type." ACP at 6:15-16. The charges were dismissed.

Plaintiff alleges that his due process rights were violated and that he was subjected to cruel and unusual punishment by his placement in the SHU. A referral for criminal prosecution by the Kings County District Attorney caused Plaintiff stress, depression, and a nervous breakdown, leading to his placement in the mental health program and the need to take psychiatric medications.

Plaintiff requests monetary damages as relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

///

4

### A. Due Process Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process before being placed in segregated housing, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See id. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). "A prisoner may challenge a state action which does not restrain a protected liberty interest, but which nonetheless imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Ramirez v. Galaza, 334 F.3d 850, 859-60 (9th Cir. 2003) (quoting Sandin at 484, 115 S.Ct. 2293; Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996)).

"Typically, administrative segregation in and of itself does not implicate a protected liberty interest." Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (citing Sandin, 515 U.S. at 486). The Supreme Court has concluded that prisoners have no liberty interest in remaining in the general population, see Sandin at 485-86, or in remaining free from administrative segregation or solitary confinement, see May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). However, "[i]f the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Id. (citing Sandin, 515 U.S. at 484; Keenan, 83 F.3d at 1089). "There is no single standard for determining whether a prison hardship is atypical and significant, and the 'condition or combination of conditions or factors ... requires case by case, fact by fact consideration.'" Id. (citing Keenan, 83 F.3d at 1089). "Three guideposts cited in Sandin's analysis, however, provide a helpful framework: 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prisoner's discretionary authority, 2) the duration of the condition and the degree

5

of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." Id. (quoting Sandin, 515 U.S. at 486-87; Keenan, 83 F.3d at 1089).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

The Court cannot determine from Plaintiff's vague allegations whether his term served in the SHU imposed the requisite burden required by Sandin. Plaintiff alleges that was subjected to conditions unlike in the general population with regard to his liberty, visitation with family members, and showers. Plaintiff also alleges that he was not allowed to use the telephone, to have access to his property, or to participate in recreation. Plaintiff alleges that he was given a ten-month SHU term. "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." Keenan, 83 F.3d at 1089 (quoting Hutto v. Finney, 437 U.S. 678, 686, 98 S.Ct. 2565, 115 S.Ct. 2565, 2571 (1978)). However, Plaintiff served only five of his ten-month term in the SHU, and Plaintiff does not allege that his segregation in the SHU was materially different from those conditions imposed on inmates in purely discretionary segregation. Nor does Plaintiff allege facts demonstrating that the conditions in the SHU, compared with conditions in the general population, created "a major disruption" in Plaintiff's environment. Resnick v. Hayes, 213 F.3d 443,

448 (9th Cir. 2000). Also, there is no allegation that the length of Plaintiff's sentence was affected. Therefore, Plaintiff fails to demonstrate that he had a protected liberty interest in being free from confinement in the SHU and, therefore, fails to state a cognizable due process claim.

    **B.**  **<u>Eighth Amendment - Conditions of Confinement</u>**

    The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. <u>Id.</u> at 731.

    Inmates have a constitutional right to outdoor exercise under the Eighth Amendment. <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010). "'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." <u>Allen</u>, 48 F.3d at 1087. While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, <u>May</u>, 109 F.3d at 565, in this Circuit, the deprivation of regular outdoor exercise for a prolonged period is unquestionably sufficient to meet the objective requirement of the Eighth Amendment analysis. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); <u>Allen</u>, 48 F.3d at 1086-88 (forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth

Amendment requirement). Regular outdoor exercise is necessary "unless inclement weather, unusual circumstances, or disciplinary needs ma[k]e that impossible. Spain, 600 F. 2d at 199.

Plaintiff has not described conditions rising to the level of an Eighth Amendment claim. Plaintiff's vague allegations that his liberty, visitation with family members, showers, telephone access, and access to personal property were limited for five months do not describe extreme deprivations or inhumane methods of punishment. Plaintiff alleges he was not allowed to participate in recreation during the five months he was housed in the SHU, but he does not allege he was denied all outdoor exercise during that time, nor does he explain whether any conditions such as inclement weather, unusual circumstances, or disciplinary needs affected the possibility of outdoor exercise.

Therefore, Plaintiff fails to state a claim for adverse conditions of confinement in violation of the Eighth Amendment.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983. Therefore, the First Amended Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above. Lopez, 203 F.3d at 1126-30. Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

///

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purposes of adding new, unrelated claims. In addition, Plaintiff should take care to include only those claims for which he has exhausted his administrative remedies.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on November 9, 2011, is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-00073-LJO-GSA-PC; and

5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **December 12, 2011**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE